IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **PHILLIP SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 08-CV-670-TCK-PJC |
| | ) |
| **GOLDEN RULE INSURANCE** | ) |
| **COMPANY, a foreign corporation, and** | ) |
| **UNITED HEALTHCARE** | ) |
| **INSURANCE COMPANY, a foreign** | ) |
| **corporation,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Before the Court is Defendant United Healthcare Insurance Company's Motion for Judgment on the Pleadings (Doc. 18).

### I.    Factual Background

On October 22, 2008, Plaintiff Phillip Smith filed suit in state court against Golden Rule Insurance Company ("Golden Rule") and United Healthcare Insurance Company ("United Healthcare") asserting a claim against both Defendants for breach of the duty of good faith and fair dealing. The Petition alleges that Plaintiff and his daughter were insured by Golden Rule, which is a subsidiary corporation of United Healthcare. Following removal and the Court's entry of a scheduling order, United Healthcare moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff did not file a response to this motion by the required deadline.

**II.     Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c); *SEC v. Wolfson*, 539 F.3d 1249, 1264 (10th Cir. 2008). "A motion for judgment on the pleading under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)," and the same legal standard applies to both motions. *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). In considering a motion to dismiss under Rule 12(b)(6) or Rule 12(c), a court must determine whether the plaintiff has stated a claim upon which relief may be granted. The inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S. Ct. 1955, 1969 (2007)). "In addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

In order to survive such a motion, a plaintiff must "'nudge [ ] [his] claims across the line from conceivable to plausible.'" *Schneider*, 493 F.3d at 1177 (quoting *Twombly*, 127 S. Ct. at 1974). Thus, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Schneider*, 493 F.3d at 1177. In conducting this inquiry, a court must "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Id.*; *see also Moffett v. Halliburton Energy Servs.,*

2

*Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002).  However, a court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee County Bd. of County Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted).  Relevant to this case, "the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim," notwithstanding a contrary local rule allowing a motion to be deemed confessed. *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 145 (1st Cir. 2004) (quotations omitted); *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002) (applying same rule in context of summary judgment motions).

### III.   Discussion

Plaintiff alleges that Golden Rule, and not United Healthcare, insured Plaintiff.  This is supported by the insurance certificate attached as Exhibit A to United Healthcare's motion, which does not mention or reference United Healthcare.  Thus, United Healthcare may not be held liable for bad-faith breach of this contract, absent a finding of some relationship between United Health Care and Golden Rule that would justify holding United Health Care liable for Golden Rule's actions.

As to such relationship, Plaintiff's Petition alleges only that Golden Rule is a "subsidiary" of United Healthcare.  The Petition does not set forth any factual averments regarding the relationship between Golden Rule and United Healthcare or even any legal theories under which United Healthcare may be held liable, such as an assertion that Golden Rule is merely the "alter ego" of United Healthcare or that "piercing the corporate veil" is necessary to avoid fraud or illegality.  *See Key v. Liquid Energy Corp.*, 906 F.2d 500, 503-04 (10th Cir. 1990) (applying Oklahoma law) (holding that plaintiff must establish that

3

subsidiary is a mere instrumentality or alter ego of parent company or show that the use of the separate corporate structures somehow results in fraud, illegality, or inequity). A plaintiff cannot carry his burden of proving alter-ego liability "by a simple showing that the parent wholly owns the subsidiary." *Id.* Accordingly, even accepting the Petition's factual averments as true – that Golden Rule is a "subsidiary" of United Healthcare – the Petition fails to state a claim against United Healthcare.[1]

United Healthcare's Motion for Judgment on the Pleadings (Doc. 18) is GRANTED, and United Healthcare is no longer a party to the litigation. The Court will enter Judgment in favor of United Healthcare at the conclusion of the litigation.

**ORDERED this 29th day of April, 2009.**

_____
**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**

---

[1] Typically, upon a motion to dismiss or judgment on the pleadings, a plaintiff moves to amend his complaint or at least explains why his allegations are sufficient to state a claim. *See Land v. Midwest Office Tech., Inc.*, 979 F. Supp. 1344, 1349 (D. Kan. 1997) ("Dismissals under Rule 12(b)(6) typically occur only after the plaintiff is afforded notice and an opportunity to amend the complaint to cure the defective allegations."). In this case, Plaintiff did neither because Plaintiff wholly failed to respond to the motion for judgment on the pleadings. Plaintiff has therefore indicated a lack of desire to amend his complaint to attempt to cure defective allegations, and the Court sees no need to delay granting this motion. *Cf. id.* (allowing plaintiff leave to file an amended complaint to cure defective allegations regarding alter-ego liability).